# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA ROSEBERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | _____ |
| TRANS UNION, LLC, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Cynthia Roseberry, by counsel, hereby files her Complaint against TransUnion, LLC ("Defendant" or "TransUnion") as follows:

## INTRODUCTION

1. This is an action for actual, statutory, and punitive damages, attorney's fees and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

2. Plaintiff is an individual, a resident of the State of Georgia, and a "consumer" under 15 U.S.C. § 1681a(c).

3. Defendant falsely and inaccurately provided one or more consumer reports to a third-party, Wells Fargo, that reported that Plaintiff was deceased. This was false. Plaintiff was not deceased. Defendant's false and inaccurate reporting caused Plaintiff to be denied for credit she sought. See Exhibit A.

4. Defendant is a Delaware limited liability company. Defendant is a "consumer reporting agency" under 15 U.S.C. § 1681a(f) and subject to the FCRA. Defendant is authorized to transact business in the State of Georgia, is subject to the jurisdiction of this Court, and may be served with process by serving its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

5. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically the FCRA, 15 U.S.C. § 1681, et seq.

6. Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1B(1) and (3).

## FACTUAL ALLEGATIONS

7. Plaintiff lives in Fulton County, Georgia. She is a senior citizen and retired.

8. In June 2024, Plaintiff applied for a credit card with Wells Fargo. Plaintiff's credit was excellent at the time and she had a credit score in excess of 800.

9. Wells Fargo subsequently sent Plaintiff letters dated June 3, 2024 and June 7, 2024 wherein it advised Plaintiff that her application was denied because Defendant was reporting Plaintiff as deceased. Upon information and belief,

2

Defendant did, in fact, provide one or more consumer reports to Wells Fargo concerning Plaintiff wherein Defendant stated that Plaintiff was deceased. Plaintiff was not deceased at the time Defendant provided such false and inaccurate consumer reports about her to Wells Fargo.

10. Plaintiff was angered, confused, and distressed that Defendant falsely reported her as deceased when she was not. She was particularly upset that Defendant's inaccurate reporting to Well Fargo caused her to be denied for the credit she sought. Plaintiff's credit score and history are very important to Plaintiff and she prides herself on maintaining an exceptional credit score and not being denied credit. Plaintiff was embarrassed and distressed when she was denied by Wells Fargo after she had worked so hard to maintain her excellent credit history.

11. Plaintiff sought to understand why Defendant reported such obviously false and inaccurate information about her. On June 24, 2024, Plaintiff sent Defendant a letter disputing Defendant's false reporting and requesting a copy of the consumer report(s) that Defendant provided to Wells Fargo about her ("Dispute Letter"). Upon information and belief, Defendant received Plaintiff's Dispute Letter on or about July 23, 2024. As of the date this lawsuit was filed, Defendant has not responded to Plaintiff's Dispute Letter. Defendant did, however, send Plaintiff a letter dated July 25, 2024 wherein Defendant stated, inter alia, that "[e]nclosed is the TransUnion Personal Credit Report that you requested." This was nonsensical

because Plaintiff had not requested a copy of her credit report – she asked Defendant to investigate her dispute that it was falsely reporting her as deceased to Wells Fargo.

12. Upon information and belief, Defendant did not undertake any reinvestigation of the issues raised in Plaintiff's Dispute Letter. Defendant also failed to send Plaintiff a copy of the consumer report(s) it provided to Wells Fargo.

13. As a proximate result of Defendant's violations of the FCRA, Plaintiff has suffered actual damages, including but not limited to: (i) the denial of credit with Wells Fargo; (ii) reputational harm and embarrassment as a result of being denied credit with Wells Fargo; (iii) emotional distress arising from Defendant's reporting her as deceased; (iv) emotional distress from being denied credit with Wells Fargo; (v) time and effort to investigate the issue with Defendant and Wells Fargo; (vi) postage to send dispute letters to Defendant and Wells Fargo; (vii) loss of sleep worrying about Defendant's false and inaccurate reporting about her; and (viii) other damages to be shown at trial.

## Count 1 – Violation of 15 U.S.C. 1681e(b)

14. Defendant negligently, or in the alternative recklessly and willfully, violated 15 U.S.C. § 1681e(b)

15. Section 1681e(b) of the FCRA requires consumer reporting agencies such as Defendant to follow reasonable procedures to assure maximum possible

accuracy of the information concerning the individual about whom the report relates.

16. Defendant negligently, or in the alternative recklessly and willfully, violated Section 1681e(b) of the FCRA when it prepared one or more inaccurate consumer reports about Plaintiff stating she was deceased and provided them to Wells Fargo as set forth above.

17. At the time Defendant provided the subject consumer reports to Wells Fargo, there were other open and active accounts on Plaintiff's credit file maintained by Defendant reflecting that she was not deceased.

18. As a proximate result thereof, Plaintiff has suffered and is entitled to recover actual damages as alleged in Paragraph 13 above in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

19. In the alternative, and as a result of Defendant's reckless and/or willful violations of 15 U.S.C. § 1681e(b), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

20. As a result of Defendant's reckless and/or willful violations of 15 U.S.C. § 1681e(b), Plaintiff is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

21. Plaintiff is also entitled to recover her costs of this action and reasonable attorney's fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

### Count 2-Violation of 15 U.S.C. 1681i(a)

22. Defendant negligently, or in the alternative recklessly and willfully, violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations of the Plaintiff's disputes set forth in her Dispute Letter.

23. As a proximate result thereof, Plaintiff has suffered and is entitled to recover actual damages as alleged in Paragraph 13 above in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

24. In the alternative and as a result of Defendant's reckless and/or willful violations of 15 U.S.C. § 1681i(a), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

25. As a result of Defendant's reckless and/or willful violations of 15 U.S.C. § 1681i(a), Plaintiff is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

26. Plaintiff is also entitled to recover her costs of this action and reasonable attorney's fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Plaintiff respectfully prays that the Court:

1. Issue process to Defendant;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Plaintiff for actual damages, statutory damages, and punitive damages as consistent with the jury's verdict;

4. Award Plaintiff her attorney's fees and costs; and,

5. Grant Plaintiff such other and further relief as it deems just and necessary.

This 12th day of August, 2024.

*/s/ John A. Love*
John A. Love
Ga. Bar No. 459155
**Love Consumer Law**
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
Tel: 404.855.3600
Fax: 404.301.2300
tlove@loveconsumerlaw.com

*Counsel for Plaintiff*